UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-39 |
| | ) | |
| STEVEN DWIGHT HOPKINS | ) | |

**O R D E R**

This supervised release revocation matter came before the Court on January 3, 2008, for a hearing in regard to whether or not the defendant had violated the conditions of his supervised release. On May 30, 2006, the defendant was placed on supervised release for three (3) years, and his term of supervision was scheduled to expire on May 29, 2009. On October 30, 2007, the defendant was arrested on a domestic assault charge for beating his girlfriend, Brandi Witt, during an argument,[1] and for theft over $1,000 but less than $10,000 of a motorcycle. On November 4, 2007, the defendant truthfully reported this information to his probation officer. Then on November 13, 2007, the defendant pleaded guilty to joyriding and altering VIN and ID numbers in Hamblen County General Sessions Court instead of the theft charge. A violation petition was filed on November 2, 2007, and alleged that the defendant had violated the general condition

---

[1] Ms. Witt subsequently agreed to dropthe charges.

of his terms of supervised release that he not commit another federal, state, or location crime. At the January 3, 2008 revocation hearing, the defendant stipulated that he has violated the terms of his supervised release by committing the state crimes of joyriding and altering VIN and ID numbers.[2]

The Court has carefully considered the policy statements of Chapter 7 of the United States Sentencing Commission Guidelines which reflect a revocation range of five (5) to eleven (11) months imprisonment. Because the policy statements of Chapter 7 of the USSG are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West*, 59 F.3d 32 (6th Cir. l995). Because this is the first violation of supervised release, the defendant did relatively well for one and one-half years on supervised release before the October 30, 2007 incident and joyriding and altering VIN and ID number charges, the defendant truthfully reported his charges to the probation officer, the defendant has not had an opportunity to personally meet with the probation officer although he complied with supervision with the abovementioned exception, the defendant passed all administered drug screens, and the defendant showed genuine remorse at the January 3, 2008 revocation hearing, the Court does not find, in the interests of society, or in the interest of rehabilitating this defendant, that a sentence within this suggested range is appropriate.

Therefore, the Court finds that the defendant has violated the terms of his

---

[2]The defendant also admitted to beating Ms. Witt.

supervised release. Accordingly, it is hereby **ORDERED** that his supervised release is **REVOKED**, and he is sentenced to a term of imprisonment of ninety (90) days. It is further **ORDERED** that upon release from imprisonment, the defendant shall be placed on supervised release for a term of 33 months, and within 72 hours of release, the defendant shall report in person to a probation office in the district to which he is released. It is **ORDERED** that while on supervised release the defendant is subject to all prior terms of his supervised release. In addition, it is further **ORDERED** that the defendant shall comply with following additional conditions of supervised release:

    1) Complete 150 hours of community service;

    2) Have no contact, direct or indirect, with Brandi Witt; and

    3) Remain fully employed or actively seeking employment.

The defendant is remanded to the custody of the United States Marshal. It is so **ORDERED.**

    ENTER:

                                            s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE