UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-39 |
| | ) | |
| STEVEN DWIGHT HOPKINS | ) | |

**O R D E R**

This supervised release revocation matter came before the Court on December 6, 2010, for a hearing in regard to whether or not the defendant has violated the terms of his supervised release. The defendant pled guilty to being a felon in possession of a firearm on August 9, 2005. October 25, 2004, the defendant was sentenced to a term of thirty (30) months imprisonment to be followed by three (3) years of supervised release. His term of supervised release began on February 15, 2008.

At his revocation hearing, the defendant and the government announced they had reached an agreement as follows:

1. The defendant would stipulate and pled guilty to Violations Nos. 1-5.

2. The appropriate disposition in this case is a sentence of eleven (11) months to be followed by no additional term of supervised release.

3. The defendant would receive credit for time served.

At his revocation hearing, the defendant stipulated and pled guilty to the

following violations:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **General Condition**: The defendant shall not commit another federal, state, or local crime. |
| 2 | **Standard Condition #7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.<br><br>On May 5, 2010, the defendant was arrested for driving on a suspended license and possession of Schedule II narcotic, that is, methamphetamine, in Grainger County, Tennessee. |
| 3 | Standard Condition # 11: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;<br><br>The defendant failed to notify probation of his arrest on 5-6-10. |
| 4 | **Standard Condition #2:** The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.<br><br>The defendant failed to submit monthly supervision reports for February, March, April, and May of 2010. |
| 5 | **Standard Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.<br><br>The defendant was instructed by letter to report to probation on March 23, 2010. He failed to report.<br><br>The defendant was instructed to report on March 26, 2010 and he failed to report. |

Therefore, the Court **FINDS** that the defendant is guilty of Violation Nos. 1, 2, 3, 4 and 5. It was undisputed that the defendant's violation guideline range is from five (5) to eleven (11) months based upon his Grade "C" violations. However, his statutory maximum is twenty-four (24) months.

Thus, the Court **FINDS** that a sentence of eleven (11) months is "a sentence sufficient but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a). Accordingly, it is hereby **ORDERED** that the defendant's term of supervised release is **REVOKED** and he is sentenced to serve a term of eleven (11) months of incarceration which will not be followed by any additional term of supervised release.

It is **RECOMMENDED** as follows:

1. That the defendant receive credit for time served since August 27, 2010, and
2. That he be designated to the federal facility at Lexington, Kentucky.

It is also **ORDERED** that the defendant is **REMANDED** to the custody of the United States Marshal for the service of his sentence.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE